IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IKE ANDERSON BACA,

 Plaintiff,

v.                   No. 22-cv-807-KWR-SCY

CITY OF ALBUQUERQUE, BERNALILLO
COUNTY METROPOLITAN DETENTION
CENTER, THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF BERNALILLO, GARY TRUJILLO, JR.,

 Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court following Plaintiff Ike Anderson Baca's failure to file an amended complaint as directed. Plaintiff is a pretrial detainee at the Bernalillo County Metropolitan Detention Center (MDC). He is proceeding *pro se* and proceeding in forma pauperis. In his Amended Prisoner Complaint for Violation of Civil Rights, filed November 25, 2022. (Doc. 3) (the "Complaint"), Plaintiff claims that the conditions of confinement at MDC violate his rights guaranteed by the First and Eighth Amendments to the United States Constitution.

Specifically, Plaintiff alleges that from mid-July 2022 and continuing through November 2022, when he drafted the Complaint, MDC was understaffed by 111 full time security officers. (Doc. 3 at 5). As a result, Plaintiff alleges, he was deprived of showers, phones, open air recreation, adequate out-of-cell time, and mental stability—an allegation that is not explained further. (Doc. 3 at 5). Plaintiff alleges that the conditions amount to mental and physiological torture. (Id.). Based on these allegations, Plaintiff claims that his Eighth Amendment right to be free from cruel and

unusual punishment has been violated. (Doc. 3 at 5). While he invokes the First Amendment as well, (Doc. 3 at 3), it is not clear what the claim is based upon. He seeks $7.5 million in damages, $5 million of which would be dedicated to the resolution of MDC's staffing issues. (Doc. 3 at 5).

By a Memorandum Opinion and Order entered October 6, 2023, the Court screened the original complaint and determined it fails to state a cognizable claim. (Doc. 19) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints). Summarized, the Court held that Plaintiff did not state a viable claim against Bernalillo County under the standard set forth in *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978), and expanded upon in *Burke v. Regaldo*, 935 F.3d 960, 999 (10th Cir. 2019) and *Connick v. Thompson*, 563 U.S. 51, 61 (2011), which standards were set forth in some detail in the Screening Ruling.

As to Plaintiff's claims against City of Albuquerque, the Court explained that the absence of allegations showing the city's alleged involvement in the wrongdoing required dismissal of any claims against the city. The Court advised Plaintiff that any potential claims against the City of Albuquerque in an amended complaint would be governed by the *Monell* standards set forth in the Screening Ruling.

The Court dismissed Plaintiff's claims against MDC with prejudice because a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *see Gaines v. U.S. Marshals Serv.*, 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center "is not a suable entity").

The Court dismissed Plaintiff's claims against the individual defendant, Gary Trujillo, Jr., on the ground that there were no allegations in the Complaint showing what he allegedly did in violation of Plaintiff's constitutional rights.

Additionally, or in the alternative, the Court held that Plaintiff's Claims Fail on Substantive

Grounds. As to the Eighth Amendment claims, the Court concluded that the Complaint failed to satisfy the subjective component required to state a viable claim. *See Van Curen v. McClain Cnty. Bd. of Cnty. Comm'rs*, 4 F. App'x 554, 556 (10th Cir. 2001) (Although pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's proscription on cruel and unusual punishment, the standards governing claims of cruel and unusual punishment are the same in either context.); *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (establishing the standard for pleading an Eighth Amendment claim). As to any potential First Amendment claims, the Court provided an overview of the First Amendment's guarantees, and noted that subject to reasonable limitations, inmates "retain protections afforded by the First Amendment[.]" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). As the Complaint does not include any discernable First Amendment claims, the Court dismissed any such claims without prejudice.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended complaint curing the above deficiencies within thirty days. Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of this case with prejudice. The deadline to comply was November 6, 2023. Plaintiff did not amend his pleading or otherwise respond to the Screening Ruling. The Court will therefore dismiss this action, including the Complaint, filed November 25, 2022 (Doc. 3) with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Plaintiff Ike Anderson Baca's Amended Prisoner Complaint for Violation of Civil Rights, filed November 25, 2022 **(Doc. 3)** is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE